Filed 8/16/23  In re T.A. CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re T.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E079346 |
| Plaintiff and Respondent, | (Super.Ct.No. J286190) |
| v. | OPINION |
| T.A., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Reversed with directions.

Bases & Bases and Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

In May 2022, the juvenile court granted a motion to transfer defendant minor T.A. from juvenile court to a court of criminal jurisdiction. In a previous opinion, we affirmed that ruling, but the matter has been transferred back to us by our Supreme Court with directions to vacate that decision and reconsider the cause in light of *In re F.M.* (2023) 14 Cal.5th 701, 712-716 and *In re E.P.* (2023) 89 Cal.App.5th 409, 416.

Welfare and Institutions Code section 707 governs the procedures for transferring a minor from juvenile court to a court of criminal jurisdiction. In September 2022, the Governor signed Assembly Bill No. 2361 (2021-2022 Reg. Sess.) (Assembly Bill 2361), which went into effect on January 1, 2023. (Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).) Assembly Bill 2361 made certain ameliorative changes to Welfare and Institutions Code section 707.

In *In re F.M.*, *supra*, 14 Cal.5th at p. 712-716, our Supreme Court addressed the standard of review that applies when a juvenile court fails to comply with Welfare and Institution Code section 702's requirement that it declare on the record at a hearing "before or at the time of disposition" its choice whether to treat an alleged wobbler as a misdemeanor or as a felony. The Court concluded that the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818 did not apply, finding that standard "does not address the risk of courts misapprehending the extent of their lawful authority in this particular context." (*In re F.M.*, at p. 716.) The Court also discussed the "practical difference in assessing the effect of an error when the court has not articulated whether a

discretionary decision was made in the first place, as compared to when there were errors in a decision the court actually rendered."  (*Ibid*.)

In *In re E.P.*, *supra*, 89 Cal.App.5th at p. 416, the Court of Appeal discussed the changes to Welfare and Institution Code section 707 enacted by Assembly Bill 2361.  In transferring the matter back to us, our Supreme Court cited one change in particular: under the former version, "whether the minor is amenable to rehabilitation while under the jurisdiction of the juvenile court was one of five factors for the court to consider in determining whether the case should be transferred to criminal court," while under current law, that is "the ultimate question for the court to decide."  (*In re E.P.*, at p. 416.)

In supplemental briefing on remand, the parties agreed that the matter should be remanded for the juvenile court to reconsider its decision on the People's transfer motion under current law.  We agree with the parties, and therefore reverse and remand with directions.

DISPOSITION

We reverse the juvenile court's order granting the People's transfer motion and reinstating the judgment.  The juvenile court is directed to reconsider the matter in light of *In re F.M.* (2023) 14 Cal.5th 701, 712-716 and *In re E.P.* (2023) 89 Cal.App.5th 409, 416.

RAPHAEL

J.

We concur:

McKINSTER

         Acting P. J.

MILLER

         J.